UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEFT OUTDOOR LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-03058-JPH-CSW |
| | ) |
| CITY OF FISHERS, INDIANA, | ) |
| CITY OF FISHERS BOARD OF ZONING | ) |
| APPEALS, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT**

GEFT Outdoor is an advertising company that wants to construct two digital billboards on property it leased in Fishers, Indiana. But the billboards didn't meet the sign standards in Fishers's Unified Development Ordinance ("UDO"), and the Fishers Board of Zoning Appeals ("BZA") denied GEFT's requests for variances to allow digital signs that exceeded the UDO's maximum area and height restrictions. Dkt. 1-3; dkt. 1-4. GEFT then filed this case, alleging that the UDO's sign standards and variance provisions are unconstitutional. Dkt. 1. Fishers later amended the relevant parts of its UDO and moved to dismiss GEFT's complaint. Dkt. 63. The Court granted that motion as to GEFT's federal claims and determined that it should relinquish jurisdiction over GEFT's Indiana-law claims. Dkt. 84.

GEFT has filed a motion to amend its complaint to reassert its claims under Fishers's previous UDO and to raise claims under its amended UDO.

1

Dkt. [87].  Since allowing the amendment would be futile, that motion is **DENIED**.

# I.
# Facts and Background

The Court accepts and recites "the well-pleaded facts in the [proposed amended] complaint as true."  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

GEFT is an outdoor advertiser that buys or leases land to use for signs that convey "both commercial and noncommercial speech."  Dkt. 87-1 at 2–4.  It has leased portions of two properties in Fishers and plans to place digital billboards on both.  *Id.* at 4–5.  The first billboard, on 131st Street, would be "a 70-foot, double-sided, back-to-back billboard with digital displays on both sides."  *Id.* at 12.  The second, on 106th Street, would be "a 70-foot, double-sided, back-to-back billboard with one side having a digital display and the other with a static display."  *Id.* at 12–13.

When GEFT first sought to put up its proposed billboards in 2021, the sign standards in Fishers's UDO required a permit.  UDO § 6.17.3.A ("It is unlawful for any person to place, alter, or to permit the placement or alteration of a sign . . . without first obtaining an approved sign permit application."); dkt. 32-4 at 4.  At the time, the UDO defined a Sign as:

> Any name, identification, description, display, or illustration which is affixed to, painted on, or is represented directly or indirectly upon a building, structure, or piece of land, and which directs attention to an object, product, place, activity, person, institution, organization, or business.  Religious symbols on places

2

>of worship or structures owned and operated by religious organizations are not considered a sign unless accompanied with text.  Address numbers are not considered a sign.

Dkt. 27 at 4 (quoting UDO art. 12.2).  The UDO also prohibited new pole signs and digital signs and imposed maximum area and height limitations on ground signs. UDO §§ 6.17.2.A, 6.17.5.I, 6.17.6.  GEFT sought variances from those provisions for its proposed billboards, but the BZA denied the requests.  Dkt. 87-1 at 14–15.

GEFT then brought this action in December 2021, alleging that (1) Fishers's sign standards use content-based restrictions on speech in violation of the United States and Indiana Constitutions, (2) the permitting and variance schemes in Fishers's UDO are unconstitutional prior restraints on speech under the United States and Indiana Constitutions, and (3) the BZA's denials of GEFT's variance requests violate the United States Constitution and exceeded its statutory authority.  Dkt. 1 at 12–20.  GEFT also sought a preliminary injunction preventing Fishers from enforcing its original UDO as to GEFT's proposed billboards.  Dkt. 10; dkt. 11 at 2.  The Court denied GEFT's motion for preliminary injunction.  Dkt. 43.  GEFT appealed, and the Seventh Circuit dismissed the appeal as moot because "Fishers has repealed or materially amended the challenged [UDO] provisions."  Dkt. 67.

In that amendment, which took effect in May 2022, Fishers removed the religious-symbol exemption from the Sign definition.  Dkt. 87-1 at 16.  The amendment also specified standards that must be considered in sign

3

permitting decisions. *Id.* (requiring staff to consider sign size, composition, and "lighting or location conditions"). It similarly adopted a new variance provision with "new substantive criteria including whether the sign: (1) obstructs view of buildings and architecture, (2) is compatible with the existing skyline, and (3) tends to distract motorists or pedestrians." *Id.*

Fishers filed a motion to dismiss GEFT's complaint for lack of jurisdiction and for failure to state a claim, relying in part on the 2022 UDO amendment. Dkt. 63. The Court granted the motion to dismiss GEFT's federal claims as moot and found that it should relinquish jurisdiction over GEFT's state-law claims. Dkt. 84. The order gave GEFT the opportunity to seek leave to amend its complaint. *Id.* at 14. GEFT has sought leave to amend, dkt. 87, attaching its proposed amended complaint, dkt. 87-1.

## II.
## Applicable Law

Leave to amend should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). But district courts "may deny leave to amend . . . where there is a good reason to do so," such as undue delay, prejudice, bad faith, or futility. *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). An amendment is futile when "it seeks to add a new claim that does not allege a viable theory of liability," *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022), "reassert[s] claims previously determined," *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994), or

would not "survive a motion to dismiss," *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

## III.
## Discussion

GEFT seeks leave to file an Amended Complaint that would revive its previously dismissed claims under Fishers's prior UDO and assert new claims under the amended UDO. *See* dkt. 87; dkt. 87-1. Fishers argues that leave to amend should be denied because GEFT's proposed amendments are futile. Dkt. 92 at 1.

### A. Amendment as of Right

GEFT argues that it's entitled to amend its complaint "once as a matter of right" because the Court's dismissal order did not dispose of all clams or enter final judgment. Dkt. 87 at 2; dkt. 95 at 1. The right to amend, however, must be exercised "no later than" 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, the 21-day clock started on February 9, 2022, when Fishers served its Rule 12(b) motion, dkt. 25, making GEFT's proposed amended complaint too late to be filed as of right, *see* dkt. 87.

The cases that GEFT relies on do not hold otherwise. *See Foster v. DeLuca*, 545 F.3d 582, 583–84 (7th Cir. 2008); *Crestview Vill. Apartments v. U.S. Dept. of Housing & Urban Dev.*, 383 F.3d 552 (7th Cir. 2004). Those cases applied Rule 15 before its 2009 amendment, which added that "the right to amend once as a matter of course terminates 21 days after service of a motion

5

under Rule 12(b)."  Rule 15 Committee Note—2009 Amendment; *see Runnion*, 786 F.3d at 519.  GEFT's motion to amend therefore must be considered under Rule 15(a)(2)'s standard that the "court should freely give leave [to amend] which justice so requires."  *Id.*[1]

### B. Claims under Fishers's Prior UDO

The Court previously dismissed GEFT's federal claims under the pre-amendment UDO.  Dkt. 84.  GEFT's federal claims for injunctive relief were moot because Fishers had "changed the core of the challenged [UDO] provisions."  *Id.* at 4–9.  And GEFT could not recover monetary damages since unchallenged UDO provisions would prohibit its billboards even if the challenged provisions were unconstitutional, since any unconstitutional provisions would be severed.  *Id.* at 9–12.

#### 1. Claims for Injunctive Relief

GEFT first briefly argues that its claims for injunctive relief are not moot because Fishers's 2022 UDO amendment "was irrelevant to the mootness determination" since "generally permit applicants have a right to have their applications considered in accordance with the laws in effect when the application is made."  Dkt. 95 at 6.  The Seventh Circuit has already held, however, that GEFT's injunctive-relief claims under the prior UDO are moot.

---

[1] GEFT also argues in its reply brief that, if it cannot amend as of right, leave to amend should be granted so it can "file a full response brief" to a subsequent motion to dismiss instead of being limited to 20 pages in its reply brief in support of its motion to amend.  Dkt. 95 at 5.  The 20-page limit does not justify granting leave to amend because GEFT could've asked for a more generous page limit, does not identify any argument it was unable to develop, and ultimately used less than 17 pages of its 20-page allotment.  *See id.*

6

Dkt. 67 (Seventh Circuit mandate dismissing preliminary-injunction appeal as moot); *see also GEFT Outdoor, LLC v. Monroe County, Indiana*, 62 F.4th 321, 325–26 (7th Cir. 2023).  Moreover, GEFT does not allege that it ever applied to Fishers for permits for its proposed billboards in order to preserve any right to have its applications considered under prior law.  *See* dkt. 87-1 at 12–14 (alleging that GEFT applied for Indiana Department of Transportation permits and Fishers variances, without mentioning applications for permits under the UDO).  GEFT does not explain how it can vest in the prior UDO as a "permit applicant" when it did not apply for permits under that UDO.  *See* dkt. 95 at 5–6; Ind. Code § 36-7-4-1109(c) (explaining when a "complete [permit] application" to a local government agency will be governed by the law in effect at the time of that application).

Under Seventh Circuit precedent, and since GEFT has no entitlement to seek injunctive relief under the prior UDO, GEFT's attempt to amend its complaint to seek injunctive relief under the prior UDO is futile.  *See GEFT Outdoor*, 62 F.4th at 326 (holding that a request for injunctive relief was moot because GEFT's "desired outcome (an injunction against the entire sign ordinance) cannot provide effectual relief from provisions that no longer exist").

### 2.  Claims for Monetary Damages

GEFT argues that it can recover damages under Fishers's prior UDO because portions of that UDO were unconstitutional and could not be severed from the remainder of the UDO.  Dkt. 95 at 6–13.  Fishers responds that the proposed amendment is futile because it does not respond to the Court's

7

conclusion in its dismissal order that any unconstitutional provisions could be severed. Dkt. 92 at 7–13. After this Court's order dismissing the federal claims in GEFT's prior complaint as moot, *see* dkt. 84 at 14, the Seventh Circuit clarified that dismissals like this one based on the severability of an ordinance are rulings on the merits, so the Court addresses futility on that basis rather than based on mootness. *See GEFT Outdoor, LLC v. City of Evansville, Ind.*, 110 F.4th 935, 938 (7th Cir. 2024) ("GEFT loses on the merits rather than for lack of standing.").

In denying GEFT's motion for preliminary injunction and in granting Fishers's motion to dismiss, the Court held that any unconstitutional provisions in the prior UDO are severable, leaving the rest of the UDO intact. Dkt. 42 at 11–15; dkt. 84 at 9–12. The rest of the prior UDO includes a digital sign ban and area and height limitations, which GEFT did not individually challenge though they would prohibit GEFT's proposed billboards. *See* dkt. 84 at 11–12. GEFT does not explain how its proposed amended complaint could change that severability analysis. *See* dkt. 87. As the Court explained, even if GEFT's challenge to other provisions were to succeed, under Indiana's severability doctrine a statute or ordinance with an unconstitutional provision "is not necessarily void in its entirety." *See* dkt. 84 at 9–12 (quoting *Paul Steiler Enters., Inc. v. City of Evansville*, 2 N.E.3d 1269, 1279 (Ind. 2014)). Instead, the "unobjectionable" portions can be severed and remain in effect if (1) they can be given legal effect and (2) "the legislature intended the provision[s] to stand" if others fall. *Id.*

Here, severing any infirm provisions from the pre-amendment UDO would leave "a workable legal standard" with sign standards that could be enforced against non-compliant signs. *Id.* That includes the prior UDO's digital sign ban and area and height limitations—provisions of the UDO that GEFT's proposed billboards would violate but that GEFT does not challenge. Dkt. 84 at 9; dkt. 43 at 15–16 (citing UDO §§ 6.17.2.A, 6.17.5.I, 6.17.6.E).

And Fishers stated its intent in the UDO's unambiguous severability provision: "If any provision or the application of any provision of the UDO is held unconstitutional or invalid by the courts, the remainder of the UDO or the application of such provision to other circumstances shall not be affected." Dkt. 34 at 13–14 (quoting UDO § 1.2.4). This statement creates a strong presumption of severability. *See id.* (applying *City of Hammond v. Herman & Kittle Props., Inc.*, 119 N.E.3d 70, 87 (Ind. 2019)). Against Fishers's clearly stated intent, GEFT's allegation that Fishers "would not have enacted the Pre-2022 Sign Standards" without the challenged provisions rings hollow. *See* dkt. 87-1 at 19, 22; *Tobey v. Chibucos.* 890 F.3d 634, 639 (7th Cir. 2018) (While "the well-pleaded factual allegations in the complaint" must be accepted as true, courts "do not credit legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). Indeed, Fishers specified that "the remainder of the UDO" stands if "*any provision*"—without limitation—is held unconstitutional. *See* dkt. 43 at 14.

Moreover, severing unconstitutional provisions is the presumptive remedy for First Amendment violations. *See* dkt. 62 at 6–9 (applying *Barr v.*

9

*American Assoc. of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2349 (2020)); *GEFT Outdoor*, 62 F.4th at 330–32. So, since the UDO would prohibit GEFT's proposed billboards regardless of whether the Court determined that the challenged provisions were unconstitutional, GEFT cannot recover for its federal claims related to its proposed billboards. *See Leibundguth Storage & Van Serv., Inc. v. Vill. of Downers Grove, Ill.*, 939 F.3d 859, 861–62 (7th Cir. 2019) ("The Village's ordinance contains content discrimination, but as we have explained that discrimination does not aggrieve" the plaintiff because the plaintiff's "problems come from the ordinance's size and surface limits, not from any content distinctions.").

  GEFT nevertheless argues that the UDO isn't severable because the federal government requires the State of Indiana to maintain "effective control" over signs along highways or risk losing federal funds. Dkt. 95 at 9. As the Court previously explained, however, severance would allow Fishers to maintain control over signs by enforcing its standards "against non-compliant signs" even if other provisions, including the permit requirement, were severed. Dkt. 84 at 10. Just the timing of enforcement would be affected. *See* dkt. 43 at 12 ("Without [its permitting scheme], Fishers would simply have to enforce its sign standards 'on the back end.'"). GEFT's proposed amended complaint therefore does not plausibly allege that severance would lead to the loss of "effective control" over Fishers's signs. That's especially true since GEFT's proposed solution to the alleged "effective control" issue is to allow Fishers *no control* by voiding the UDO in its entirety. *See* dkt. 95 at 8.

Finally, GEFT argues that Fishers would not have intended severance because if the prior UDO's variance provision were severed as unconstitutional, then Fishers would be violating a state requirement that zoning codes provide a variance procedure. Dkt. 95 at 12; *see GEFT Outdoor*, 62 F.4th at 329 ("The Indiana legislature requires local governments . . . to include a variance provision in their zoning codes."). But Indiana state law itself provides variance criteria for a local board of zoning appeals to use:

> A board of zoning appeals shall approve or deny variances of use from the terms of the zoning ordinance. The board may impose reasonable conditions as part of its approval. A variance may be approved under this section only upon a determination in writing that:
> (1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;
> (2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner;
> (3) the need for the variance arises from some condition peculiar to the property involved;
> (4) the strict application of the terms of the zoning ordinance will constitute an unnecessary hardship if applied to the property for which the variance is sought; and
> (5) the approval does not interfere substantially with the comprehensive plan adopted under the 500 series of this chapter.

Ind. Code § 36-7-4-918.4. Indeed, the Seventh Circuit upheld exactly these criteria last year after Monroe County, Indiana used them to decide variance requests. *See GEFT Outdoor*, 62 F.4th at 329 (holding that this variance provision "does not give so much discretion to the Board of Zoning Appeals that

11

it violates the First Amendment").  Because Fishers could apply those variance criteria if its own were unconstitutional, this argument does not undercut Fishers's clear statement that it intends severance if "*any*" of the prior UDO's provisions were unconstitutional.  *See* dkt. 43 at 14.

Because the challenged provisions of the UDO are severable and the unchallenged provisions prohibit GEFT's proposed billboards, allowing GEFT's proposed amendment would be futile.  What's more, after GEFT sought leave to amend its complaint, the Seventh Circuit explained in a similar case that facial challenges to zoning ordinances "fail unless the plaintiff shows that a substantial portion of the law's applications are unconstitutional."  *GEFT Outdoor*, 110 F.4th at 938.  Here, as in that case, GEFT has not challenged other provisions of the prior UDO, like its digital sign ban and area and height restrictions, which "effectively concedes that the main sweep of the ordinance [was] valid."  *Id.*

GEFT nevertheless argues, in a supplemental brief, that leave to amend should be granted so that it can pursue as-applied claims regarding its two proposed billboards.  Dkt. 98.  But even assuming that GEFT's proposed amended complaint could be read to allege as-applied challenges to the prior UDO, that would not overcome the prior UDO's severability, which would leave unchallenged provisions that prohibit GEFT's proposed billboards.  *See*

12

*Leibundguth*, 939 F.3d at 861–62.  GEFT's motion to amend its complaint to challenge the prior UDO is therefore futile.[2]

### C. Claims under Fishers's Amended UDO

GEFT's proposed amended complaint would also allege that the amended UDO's sign standards contain impermissible content-based restrictions and that its permitting and variance procedures are unconstitutional prior restraints.  Dkt. 87-1 at 26–32.  Fishers argues that these claims are futile for the same reason as GEFT's claims under the prior UDO—because GEFT's proposed billboards "are still too large, too tall, and too 'digital' to conform to" sign standards that GEFT does not individually challenge.  Dkt. 92 at 13–18.  In reply, GEFT does not address its claims under the amended UDO.  *See* dkt. 95 at 5 ("The City's Pre-2022 UDO applies, and the amendment of that ordinance is immaterial here.").

Because Fishers's amended UDO retained a digital sign ban and area and height limitations that would prohibit GEFT's proposed billboards, it would be futile to allow GEFT to amend its complaint to challenge the amended UDO.  *See Leibundguth*, 939 F.3d at 861–62.  GEFT does not argue that the severability analysis would be different for the amended UDO, *see* dkt. 95, and indeed the amendment removed provisions that GEFT had alleged were content-based.  *See* dkt. 92 at 13–18.  Therefore, the Amended Complaint "does not allege a viable theory of liability" under the amended UDO, making

---

[2] Because the UDO's severability makes GEFT's proposed amendment futile, the Court need not revisit its conclusion in its preliminary-injunction order that some provisions of Fishers's prior UDO were "likely unconstitutional."  *See* dkt. 43 at 5.

amendment futile.  *Thomas*, 39 F.4th at 841; *see GEFT Outdoor*, 110 F.4th at 938.

## IV.
## Conclusion

GEFT's motion for leave amend its complaint is **DENIED**.  Dkt. [87]. Final judgment will issue by separate entry dismissing GEFT's federal claims with prejudice and relinquishing jurisdiction over its Indiana-law claims.

**SO ORDERED.**

Date: 9/26/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel